**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Raymond Eugene CHASTEN,**
**Defendant–Appellant.**

**No. 07–30222.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 8, 2008.

Filed July 22, 2008.

Amy S. Howe, Esq., Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Robert B. Hancock, Manweiler Breen & Hancock, PLLC, Boise, ID, David L. Ferguson, Esq., The Hodkin Kopelowitz Ostrow Firm, P.A., Fort Lauderdale, FL, for Defendant–Appellant.

Before: GOODWIN, PREGERSON, and REINHARDT, Circuit Judges.

### MEMORANDUM *

Ray Chasten appeals his conviction for wire fraud and interstate theft. The parties are familiar with the facts of the case, so we repeat them here only to the extent necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291. We affirm the conviction.

Chasten contends that his conviction should be reversed because, during closing argument at trial, the prosecutor made statements that constituted prosecutorial misconduct and vouching. Because there were no objections made to the statements, we review for plain error. "A plain

error must be clear and obvious, highly prejudicial and must affect substantial rights." *United States v. Siu Kuen Ma,* 290 F.3d 1002, 1005 (9th Cir.2002) (citations and internal quotations omitted). Under the plain error standard, "we may reverse [the] conviction only if the prosecutor's improper conduct so affected the jury's ability to consider the totality of the evidence fairly that it tainted the verdict and deprived [the defendant] of a fair trial." *United States v. Smith,* 962 F.2d 923, 935 (9th Cir.1992) (citations and internal quotations omitted).

A prosecutor is allowed during closing argument to argue "reasonable inferences from the evidence presented at trial." *United States v. Sayetsitty,* 107 F.3d 1405, 1409 (9th Cir.1997). Many of the prosecutor's statements that Chasten challenges were only the prosecutor's suggestions that the jury draw reasonable inferences based on the evidence presented. Parts of the government's closing argument, however, were not fully supported by the evidence. Further, some of the statements made could have been interpreted by the jury as "placing the prestige of the government behind a witness through personal assurances of the witness's veracity." *United States v. Parker,* 241 F.3d 1114, 1119–20 (9th Cir.2001). We commend the Assistant United States Attorney who tried this case for appearing before us at oral argument and conceding as much. We find, however, that in light of the large amount of evidence contradicting Chasten's version of events, any misstatements the prosecutor made during closing argument did not deprive Chasten of a fair trial, and thus do not warrant reversal

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

under the plain error standard. The conviction is therefore **AFFIRMED.**

---

* The Honorable Valerie Baker Fairbank, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.